IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WELLS FARGO BANK, NA,   :

      Plaintiff,     :   C.A. No. K15C-03-003 NEP
                :   In and for Kent County
      v.            :

EARL STRONG,       :

      Defendant.     :

## ORDER

Submitted: May 25, 2018
Decided: May 31, 2018

**UPON CONSIDERATION OF** the Motion for Reargument filed by Defendant, Earl Strong (hereinafter "Mr. Strong"), and the Plaintiff Wells Fargo Bank, NA's (hereinafter the "Plaintiff") response, the Court finds that the motion for reargument is without merit and is **DENIED**. Plaintiff also brought a motion for attorney's fees, but the Court finds that Plaintiff failed to demonstrate bad faith conduct on behalf of Mr. Strong, and that motion is also **DENIED**.

The facts of the case are, briefly, as follows: Mr. Strong executed a promissory note in 2004, which was later acquired by Plaintiff Wells Fargo Bank (hereinafter "Wells Fargo"). Mr. Strong subsequently defaulted on the loan, and Wells Fargo filed suit to collect. On October 4, 2016, this Court granted summary judgment in Wells Fargo's favor (hereinafter the "Judgment Order"). The Judgment Order was appealed to and affirmed by the Delaware Supreme Court. Wells Fargo thereafter filed a writ of *levari facias* to expose a parcel of Smyrna real property owned by Mr. Strong (hereinafter the "Property") to public sheriff's sale. Mr. Strong then moved this Court to reopen the action and to dismiss the complaint, which relief this Court denied.

Although never cited in Mr. Strong's motion for reargument, Superior Court Civil Rule 59(e) controls. A motion for reargument filed pursuant to Superior Court Civil Rule 59(e) will only be granted if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[1] Motions for reargument should not be used to rehash arguments already decided by the Court, or to present new arguments that were not previously raised.[2] Using a motion for reargument for either of these improper purposes "frustrate[s] the efficient use of judicial resources, place[s] the opposing party in an unfair position, and stymie[s] 'the orderly process of reaching closure on the issues.'"[3] In order for the motion to be granted, the movant must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[4] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[5]

Here, the Court finds that Mr. Strong's motion for reargument adds nothing new to his previous arguments. The motion rehashes prior arguments and repeats factual allegations that were all addressed in this Court's May 16, 2018 denial of Mr. Strong's motion to reopen and dismiss. Further, the motion for reargument has demonstrated no newly discovered evidence and no change in the law, and Mr. Strong's allegations do

---

[1] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006) (citing *Bd. of Managers of the Del. Criminal Justice Info. Sys. v. Gannet Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003)).

[2] *Tilghman v. Del. State Univ.*, 2012 WL 5551233, at *1 (Del. Super. Oct. 16, 2012).

[3] *Id.* (citing *Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004)).

[4] *Brenner v. Village Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) (citing *E.I. duPont de Nemours Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. 1995)).

[5] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096 at *2 (Del. Super. Jan. 25, 2017).

not present manifest injustice. Rather, the Court considers the prompt execution of the Judgment Order that this Court entered more than a year ago to be entirely just and lawful.

Finally, Plaintiff has made a request for attorney's fees, arguing that Mr. Strong's motion is an improper delay tactic. While this Court may—in extraordinary cases—shift the burden of attorneys' fees to the losing party where that party "acted in bad faith,"[6] the party seeking to shift its costs to the opposing party "bears the stringent evidentiary burden of producing 'clear evidence' of bad-faith conduct."[7] Here, Plaintiff has failed to present clear evidence that Mr. Strong, as a *pro se* litigant, was aware of his motion's lack of merit and filed it merely to cause delay. Therefore, Plaintiff has not carried its burden to demonstrate bad faith conduct, and an award of attorney's fees is inappropriate.

**WHEREFORE**, for the foregoing reasons, the motion is hereby **DENIED**.

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

*Sent via File&ServeXpress and U.S. Mail*
oc:  Prothonotary
cc:  Earl Strong
     Daniel T. Conway, Esquire

---

[6] *Id.* at 639 n. 5 (*quoting F.D. Rich Co., Inc. v. United States, Industrial Lumber Co., Inc.*, 417 U.S. 116, 129 (1974),
[7] *Beck*, 868 A.2d at 851 (citations omitted).